Eric D. Coleman
Attorney Email Address: ecoleman@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (331) 307-7648
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Abbie G. Brown,<br><br>  Plaintiff,<br><br>  v.<br><br>The Hallstrom Law Firm, PLLC,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") UNDER 15 U.S.C. § 1692 *ET SEQ*.;**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes Abbie G. Brown ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of The Hallstrom Law Firm, PLLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Arizona and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

### PARTIES

4. Plaintiff is a consumer over 18 years of age and is a "person" as defined by 47 U.S.C. § 153(39). Plaintiff resides in Coolidge, Arizona, which lies within the District of Arizona.

5. Defendant is a debt collection law firm that identifies itself as a debt collector.[1] Defendant is a professional limited liability company organized under the laws of the state of Arizona with its principal place of business located at 1221 East Osborn Road, Suite 101, Phoenix, Arizona.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out Defendant's attempts to collect on a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from purchases Plaintiff financed from Ashley Furniture Homestore ("Ashley"), which were used for her personal and household purposes.

9. After Plaintiff's purported default on the subject debt, Ashley charged off the subject debt and began placing the same with debt collectors for collection purposes.

10. On March 30, 2020, Plaintiff filed a lawsuit against Ashley and a debt collector who was attempting to collect the subject debt at the time – Compass Recovery Group, LLC ("Compass") – regarding their alleged violations of law. *See* 2:20-cv-00621-DJH.

---

[1] http://www.hallstromlawfirm.com/home.html

11. After settling with Compass, Plaintiff's complaint was voluntarily dismissed without prejudice as to Ashley. *See id.*

12. For a period of time, Plaintiff heard nothing further regarding the subject debt.

13. Then, on or about February 10, 2022, Defendant sent or caused to be sent a collection letter to Plaintiff seeking to collect upon the subject debt.

14. This collection letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

15. As such, Defendant was required to provide Plaintiff with various disclosures and pieces of information required by § 1692g(a) and 12 C.F.R. § 1006.34, including a clear indication of to-whom the subject debt was owed.

16. The first line of Defendant's collection letter reads: "**The Hallstrom Law Firm is a debt collector.** We are trying to collect a debt that you owe to . [sic] We will use any information you give us to help collect the debt." (emphasis in original).

17. As such, where Defendant's collection letter was supposed to inform Plaintiff of to-whom the debt was owed, it failed to include any indication of to-whom the debt was owed.

18. Thereafter, Defendant's collection letter states, "This debt is based on an account you originally took out with Ashley Furniture Homestore .. . . . If that is not the creditor we represent, your account was sold or transferred from Ashley Furniture Homestore to the client you currently owe."

19. Defendant's collection letter, at no point, clarifies the identity of the "client you currently owe."

20. Upon information and belief, Ashley sold the subject debt following Plaintiff's prior litigation against Ashley, and as such, Defendant was attempting to collect on behalf of an unknown and unidentified debt purchaser who was not Ashley.

21. Therefore, Defendant's collection letter failed to inform Plaintiff of to-whom the subject debt was owed at the time Defendant sent its collection letter.

22. Plaintiff's ability to go about charting an intelligent course of conduct in response to Defendant's collection efforts was materially inhibited by Defendant's failures.

23. Specifically, the entire purpose of § 1692g(a)(2) is to provide consumers with sufficient information to allow them to confirm that paying a particular debt collector will be the proper course of action to resolve the debt with whomever may be owed that debt.

24. However, Defendant's collection letter failed to inform Plaintiff of to-whom the debt was owed, going on to confusingly mention Ashley and Defendant's purported "client" who is not identified, in turn prohibiting Plaintiff from being able to know who should be contacted to confirm that paying Defendant was the proper course of action.

25. Plaintiff was confused and distressed trying to figure out precisely to-whom the debt was owed, and was compelled to view Defendant's collection efforts as fraudulent given Defendant's failure to clarify on whose behalf it was acting – confusion and distress exacerbated by the prior litigation initiated by Plaintiff regarding this same debt.

26. Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, aggravation, emotional distress, being deprived substantive information that inhibited Plaintiff's ability to chart an intelligent course of conduct in response to Defendant's collection efforts, obfuscation of the rights afforded Plaintiff under the FDCPA, and both harm and a material risk of harm to Plaintiff's concrete interests protected by the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and alleges paragraphs 1 through 32 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of .. . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. Defendant also violated §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's collection letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's template collection blatantly omitted the clear indication of to whom the debt was owed, adding further confusion through its reference to Ashley and Ashley having transferred the debt to Defendant's "client" despite never identifying Defendant's client.

As such, and upon information and belief, Defendant blatantly failed to identify to-whom the subject debt was owed, in turn depriving Plaintiff of substantive information designed to allow her to track and intelligent and reasoned response to Defendant's collection efforts.

### b. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f when it unfairly failed to inform Plaintiff of to-whom the debt was owed. Such basic information represents the basement of substantive information required to be provided by debt collectors to consumers, and Defendant unfairly deprived Plaintiff of this basic information necessary for consumers to determine how to respond to third party debt collectors' demands for payment.

### c. Violations of FDCPA § 1692g and 12 C.F.R. 1006.34

38. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), outlines various pieces of information that debt collectors must include in their initial communications with consumers, including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2) Further, Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors *must* include in their initial communications in order to comply with the FDCPA and Regulation F. *See* 12 C.F.R. § 1006.34(c). Such information includes "the name of the creditor to whom the debt currently is owed", § 1006.34(c)(v), "the itemization date", § 1006.34(c)(vi), "the amount of the debt on the itemization date", § 1006.34(c)(vii), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date." The "itemization date" required to be provided to consumers is one of 5 points in time: (1) the last statement date for a statement provided by the creditor, (2) the charge-off date, (3) the last payment date, (4) the transaction date, or (5) the judgment date. 12 C.F.R. § 1006.34(b)(3). Furthermore,

Regulation F requires that the information provided in the initial communication be "clear and conspicuous" which means "readily understandable." 12 C.F.R. § 1006.34(b)(3).

39. Defendant violated § 1692g(a)(2) and 12 C.F.R. § 1006.34(c)(v) through its failure to identify the current creditor to whom the subject debt was owed. Defendant's disclosure in this regard blatantly omits any clear reference of to-whom the debt was owed when Defendant sent the collection letter, underscoring its clear violations of law.

40. Defendant further violated § 1692g(a)(1) and 12 C.F.R. § 1006.34(c) through its failure to provide the proper itemization date. The itemization date included on the collection letter is February 10, 2022. However, that date is not one of the appropriate dates for itemization outlined under Regulation F. Therefore, Defendant failed to accurately describe the amount of the debt as required by Regulation F, and therefore violated § 1692g(a)(1) by failing to correctly and accurately outline the amount of the subject debt in its initial communication with Plaintiff.

WHEREFORE, Plaintiff ABBIE G. BROWN respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 31, 2022                 Respectfully submitted,

                                      By: /s/ Eric D. Coleman

|   |   |
|---|---|
| 1 | |
| 2 | *Pro Hac Vice Application Pending*<br>Eric D. Coleman<br>SULAIMAN LAW GROUP, LTD<br>2500 South Highland Avenue, Suite 200<br>Lombard, IL 60148<br>Telephone: (331) 307-7648<br>Facsimile: (630) 575-8188<br>Email: ecoleman@sulaimanlaw.com |

8